IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAURIE NEEMANN, | ) | |
| | ) | 8:08CV286 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's motion for attorney fees. Filing No. 20. The court previously reversed the findings and conclusions of the ALJ and awarded benefits. Filing No. 18 , Order; Filing No. 19, Judgment. Plaintiff requests an award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi,* 541 U.S. 401, 414 (2004) (quoting 28 U.S.C. § 2412(d)(1)(B)). A prevailing party is eligible for an award of fees if the individual's net worth did not exceed two million dollars at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B). If fees are appropriate, the reasonable hourly rate for such attorney fees is established by statute: "[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Filing fees and other costs may also be awarded under the EAJA to plaintiffs who prevail in Social Security cases. 28 U.S.C. § 2412(a)(1).

Plaintiff moves for EAJA fees in the amount of $3,816.25 representing 8.5 hours of attorney work at $160.00 per hour, and 15 hours of attorney work at $163.75 per hour. He argues that an increase in the cost of living since March 1996 justifies an increase in the statutory rate to $160.00 per hour for 2008, and $163.75 for 2009, based on a cost-of-living index calculation.[1] Defendant has no objection to plaintiff's request for EAJA attorney fees in the amount requested, and, further, has no objection to payment of the award under the EAJA directly to plaintiff's counsel. Filing No. 22, Response; *see Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008)*, petition for cert. filed,* 77 U.S.L.W. 3619 (U.S. April 28, 2009) (No. 08-1322).

The court has reviewed the affidavit and timesheets attached to the motion and finds that the hourly rates of $160.00 per hour for 2008, and $163.75 for 2009, are reasonable and are justified by increases in the cost of living since 1996.[2] Further, the court finds the reported 23.5 hours is a reasonable amount of time to be spent on the case. Plaintiff's net worth did not exceed two million dollars at the time the action was filed, the fees were incurred in this action, and there is no dispute that the plaintiff is the prevailing party. Accordingly,

---

[1] Available at http://www.bls.gov/data.

[2] Plaintiff's motion contains some minor discrepancies with respect to the requested increase in the statutory hourly rate based on the cost-of-living index calculation. However, the parties have agreed to the requested rates, and the court finds the rates to be reasonable. Further discussion of any discrepancies is unnecessary.

IT IS ORDERED:

1. Plaintiff is awarded fees under the EAJA in the amount of $3,816.25.

2. A judgment for EAJA attorney fees in accordance with this Memorandum and Order will be entered this date.

DATED this 29th day of September, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.